WILLIAM S. BENNETT *vs.* MICHAEL B. CASWELL & Trustees.

Trustees in foreign attachment cannot be charged for wages earned by the principal defendant after the first publication of notice of the issuing of a warrant in insolvency against him and before the service of the trustee process upon them, if they at the time of such service hold an equal debt provable against him; although the defendant afterwards, pending the trustee process, obtains his certificate of discharge in insolvency.

*It seems,* that a discharge in insolvency is a personal privilege, of which only the debtor or his personal representative can avail himself.

ACTION OF CONTRACT for necessaries, commenced in the police court of Lowell, and served on the Lowell Bleachery as trustees of the principal defendant on the 12th of April 1856. Judgment was rendered against the defendant; and the question of the lia-bility of the trustees was submitted to the police court upon the following facts:

The principal defendant applied for the benefit of the insol-vent laws, and the first publication of notice was made, on the 9th of February 1856. From said 9th of February to said 12th of April, the defendant worked for the trustees, and earned the sum of $48.38. The trustees then held a promissory note made by the defendant to them on the 10th of January 1856, for $291, for money lent by them on that day, payable on demand, with interest, which has not been paid, nor proved against the defend-ant's estate in insolvency; but the trustees claimed and still

claim to hold it in set-off against the defendant. The police court discharged the trustees, and the plaintiff appealed.

After the appeal, namely, on the 10th of July 1856, the trustees, with the knowledge and consent of the defendant, and by his direction, indorsed said $48.38 on said note in part payment thereof. On the 28th of July 1856, the defendant obtained his certificate of discharge in insolvency in the usual form. Upon this case, the court of common pleas charged the trustees, and they appealed.

*A. R. Brown*, for the plaintiff.

*D. S. Richardson*, for the trustees.

THOMAS, J. Whether the trustees were chargeable or not depends upon the facts as they existed when the trustee process was served. The statutes provide that " every trustee shall be allowed to retain or deduct, out of the goods, effects and credits in his hands, all his demands against the principal, of which he could have availed himself, if he had not been summoned as a trustee, whether by way of set-off on a trial, or by the set-off of judgments or executions, between himself and the principal; and he shall be liable for the balance only, after all mutual demands between him and the principal are adjusted." Rev. Sts. *c.* 109, § 36.

At the time of the service of this process, the trustees owed the defendant the sum of $48.38, and the defendant owed the trustees $291, with interest on that sum from the 10th of January 1856. There was nothing due from the trustees at the time of the service of the process. If the defendant had sued the trustees in the police court when the plaintiff served the process upon him, the note could have been used in set-off. The fact that the defendant was in insolvency would have been no answer till he had obtained his discharge.

Again; whether he would be discharged was uncertain and contingent, depending upon the voluntary action of the creditors, or the payment of fifty per cent. upon the claims proved; or if one or both of these occurred, he might fail of his discharge by reason of some violation of the insolvent laws before he filed his petition, or some failure to comply with their provisions

after. The statutes provide that no person shall be adjudged a trustee " by reason of any money or other thing due from him to the principal defendant, unless it is, at the time of the service of the writ upon him, due absolutely and without depending on any contingency." Rev. Sts. *c.* 109, § 30. At the time of the service of the writ upon these trustees, nothing was due absolutely from them; whether anything was to be ultimately paid by them depended upon a future contingent event, to wit, the discharge of the defendant.

The subsequent discharge of the defendant could not so retroact as to change the condition of things existing when the process was served. Before the discharge was obtained, the matter had been adjusted by the defendant and the alleged trustees, by the indorsement of the amount upon the note. This however was immaterial, as there was no new service of the writ after the discharge.

Had such service been made after the discharge, and before any settlement between the defendant and trustees, it is difficult to see how the discharge would have availed the plaintiff, if the defendant did not choose to use it. It would probably have been found to be a personal privilege, of which he or his personal representatives could alone avail themselves. This however it is not necessary to decide. 　　　 *Trustees discharged.*